# Thomason *v.* Gray.

*Action for Damages on account of Assault and Battery.*

1. *When action lies; self-defense.*—A civil action for damages lies whenever the facts would support a criminal prosecution for an assault and battery, and the plea of self-defense is the same in each case; if the defendant was the aggressor, he can not invoke the doctrine of self-defense;

and if he was not the aggressor, but only repelled force by force, he must not have gone beyond the necessities of the case, nor inflicted excessive injuries on his assailant.

2. *Evidence as to relative age and size of parties.*—In determining the amount or decree of force necessary to be used by the defendant in putting the plaintiff off his premises, the jury may consider the age and relative size of the parties.

3. *Damages; error without injury.*—When the verdict of the jury is expressly limited to compensatory damages, the rulings of the court on the subject of explemplary or punitive damages, if erroneous, could not have injured the defendant.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by Roland B. Gray, against Robert P. Thomason, to recover damages for an assault and battery; and was commenced on the 22d March, 1886. The cause was tried on issue joined on the plea of not guilty, and resulted in a verdict for the plaintiff, "for $200, compensatory damages," on which judgment was rendered in his favor. On the trial, as appears from the bill of exceptions, the evidence showed that the difficulty between the parties occurred in December, 1885, at the defendant's store or place of business in the town of Oxford; that the plaintiff had gone to town in a wagon, with a load of apples and other produce for sale, and, having bargained with the defendant for the sale of some apples, went to his house, or place of business, to deliver them; that a dispute there arose between them, in which each used abusive words towards the other, and which resulted in a personal rencontre, the plaintiff being struck in the back with a piece of a scantling, and badly cut in the neck. As to the circumstances attending the difficulty, the evidence was conflicting; the testimony of each party tending to show that the other was the aggressor. The plaintiff, according to the evidence adduced by him, "was a youth fifteen or sixteen years old, and weighed about 108 pounds, while the defendant was a good sized man." "For the purpose of showing that no punitive damages ought to be recovered against him," the defendant offered in evidence an indictment found against him on account of this same assault and battery on the plaintiff, which prosecution was still pending and undetermined; and he duly excepted to the ruling of the court excluding this evidence.

The court gave the following charges to the jury, on the request of the plaintiff: (1.) "Even if the jury believe, from the evidence, that the plaintiff was in fault in bringing on the difficulty; yet, if they believe from the evidence that the defendant's retaliation was disproportionate to, and ex-

[Thomason v. Gray.]

cessive of the necessity, or provocation received, they must find for the plaintiff." (2.) "If the jury believe, from all the evidence, that the defendant brought on the difficulty, then he can not invoke the doctrine of self-defense." (3.) "If the jury believe, from all the evidence, that the defendant, unlawfully, wantonly and intentionally, assaulted the plaintiff with a knife, and cut him, they may, in addition to actual damages, assess exemplary or punitive damages, as a punishment to the defendant, if the assault was attended with circumstances of aggravation." (4.) "The jury may look to the size and age of the parties, if proved, in determining the amount of force necessary to be used by the defendant in putting plaintiff out of the house." The defendant duly excepted to each of these charges, and he here assigns them as error, together with the exclusion of the evidence offered and excluded.

BISHOP & HANNA, for the appellant.

PEARCE, KELLY & SMITH, contra.

SOMERVILLE, J.—There may, no doubt, be cases of assault and battery, as well as mere assault, which would sustain a civil action for damages, and yet not be punishable criminally by indictment. An assault with an unloaded gun or pistol might be one of this character; as would also a battery resulting from the fault or negligence of the defendant, without any criminal intent.—2 Green. Ev. § 85; *Chapman v. The State*, 78 Ala. Rep. 463. The only difference as to proof would be, that a civil action might be sustained by a preponderance of the evidence, producing the proper conviction in the mind of the jury, and a criminal indictment only by proving the defendant's guilt beyond a reasonable doubt. But, however this may be, it is very clear that, in all cases, where a defendant is guilty of a criminal, or indictable assault and battery, a civil action for damages would, on the same state of facts, lie against him in favor of the party assaulted and beaten. Self-defense is an excuse for the one as much as the other, and this must be so under precisely the same principles. In civil actions, as well as in criminal, the rule obtains, that if the defendant was the aggressor, and brought on the difficulty, he can not invoke the doctrine of self-defense, because it would be allowing him to take advantage of his own wrong. So, the doctrine being based on necessity, the party resorting to it can go no further, in doing damage or violence to his adversary, than what is reasonably necessary and unavoidable.

[Fears v. Thompson.]

His retaliation can not innocently be disproportionate to the necessities of the occasion, or excessive of the provoca·tion received. It could only lead to confusion and uncertainty, to attempt laying down a different rule for these two classes of cases. The first and second charges given by the court, at the request of the. plaintiff, were in full harmony with these views, and.were properly given.

It was competent for the jury to look at the.age and relative size of the parties, if satisfactorily proven, in determining the amount of force which was necessary to be used by the defendant in putting the plaintiff off of his premises. The jury might more readily conclude that a man of proportionally large size would be more. culpable in resorting to the use of a knife for such a purpose, than a relatively small man might be under like circumstances. The court did not err in giving the fourth charge to the jury.

The other rulings of the court affect only the recovery of exemplary damages; and these we need not consider, for the reason that the verdict of the jury and judgment of the court show expressly a recovery only for compensatory damages. If error, therefore, which we do not decide, such rulings would be error without injury.

Affirmed.