# Carter *v.* The State.

### Indictment for Assault.

1. *Mistake as to identity of person assaulted, and drunkenness, as defenses.*—Neither a mistake in the identity of the person assaulted, nor the drunkenness of the defendant at the time, is a defense to a prosecution for an assault.

FROM the County Court of Jackson.

Tried before the Hon. R. SCOTT PARKS, as special judge.

The defendant in this case was indicted for an assault on a young lady, pleaded not guilty to the charge, but was convicted, and fined one cent. The evidence adduced on the trial, all of which is set out in the bill of exceptions, showed that the defendant, on the day of the assault, had been drinking all the morning, and was very drunk; that as the young lady passed him on the street, where he was sitting down, he got up and staggered after her, extending his hands, and declaring, with an oath, his intention to have intercourse with her; that she screamed, and jumped aside, and he fell on his face, and was picked up by the town marshal, who was standing some distance off. The evidence for the defense tended to show that the defendant mistook the young lady for a common prostitute of the town, to whom he had paid some money in the morning, and who had invited him to follow her; but the defendant, testifying in his own behalf, said that he was too drunk to remember anything about the assault. The court charged the jury, among other things, as follows: "To constitute an assault, there must be an attempt, though interrupted, to inflict personal violence; and

8

the jury may look to the evidence, to determine whether or not the defendant intended to commit an assault. The law looks to the intention, to determine the guilt of persons; and it always maintains, that a person can not be guilty who has an innocent mind. If the jury believe that the defendant intended to inflict personal violence on another person, but was mistaken in the person, that will not excuse him. If the jury believe that he had a reckless disregard, and did not care whom he dealt with, that will not excuse him. If he intended to violate forcibly the person of a prostitute, that will not excuse him; but the jury may look to the evidence whether or not he intended an assault. The fact that the defendant was in a state of intoxication can not excuse him." To each of these parts of the general charge of the court the defendant duly excepted.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—It is unquestionably the law, that if the defendant intended to inflict personal violence on another person than the one assaulted, a mere mistake in the identity of the person would not excuse him. It was no justification of the assault charged in this case that the defendant was drunk, or that he erroneously believed the person assaulted to be a common prostitute. The charges of the court correctly stated the law on this, and other questions involved. The exceptions taken were all properly overruled.

Affirmed.