# Carlton v. Henry *et al.*

### *Action to recover Damages for Assault and Battery.*

1. *Action for assault and battery; intent to injure not essential to maintenance of suit.*—In a civil, as distinguished from a criminal, action, an intent to injure the person assaulted is not essential to the liability in damages of the person committing the assault.

2. *Charge to jury.*—In an action to recover damages for an assault and battery, where the evidence shows that after the defendant came upon the premises of the plaintiff for the purpose of carrying out an unlawful design, he committed two separate assaults upon the plaintiff, a charge which hypothecates the defendant's recovery upon one of the assaults being committed in self-defense, without reference to the other assault shown by the evidence to have been committed, is erroneous and should not be given.

3. *Same; conspiracy; charge to the jury.*—In an action against two defendants to recover damages for an assault and battery, where the evidence tends to show that the defendants went to the plaintiff's place of business for the preconcerted purpose of beating or shooting a servant in the employ of the plaintiff, and that while both the defendants were chasing the servant, plaintiff met one of them in a door-way and he pushed the plaintiff violently aside, and a few minutes later the same defendant assaulted and beat the plaintiff while the other defendant stood by holding a pistol, which he had fired at the servant, a charge which instructs the jury that there is no evidence tending to show that the defendant who had the pistol had anything to do with pushing the plaintiff out of the way, is erroneous and should be refused.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellant, S. J. Carlton, against James F. Henry and E. A. Rogers to recover damages for an assault and battery alleged to have been committed upon the plaintiff by the defendants. The defendants pleaded the general issue and also pleaded a special plea in which they set up that the

alleged assault and battery on the plaintiff was brought about by the plaintiff first assaulting the defendant Henry, and that said defendant acted only in self-defense and did not bring on or provoke said difficulty, but only used such force in resistence of the plaintiff's assault on the defendant as was necessary to repel the same.

The evidence for the plaintiff tended to show that the defendants, James F. Henry and E. A. Rogers, came to the plaintiff's place of business, which was an ice factory, hunting for a man who had killed Rogers' dog; that upon entering the plaintiff's office they asked for one Stallings, who was in the plaintiff's employ; Stallings was sent for and upon entering the office Rogers asked him if he, Stallings, had killed his dog, and upon Stallings saying that he did, Rogers kicked him, and as Stallings ran from the office Rogers and Henry chased him into the ice factory and then across Carlton's premises, and Rogers shot at Stallings. That as Henry and Rogers were running after Stallings, when he went into the factory, and after they had passed through the door leading into the factory, and Carlton had reached the door, Henry turned suddenly to go in another direction, and came face to face with Carlton, and plaintiff caught him with both hands and violently threw Carlton to one side; that after Stallings had run off, Rogers and Henry turned and walked back towards the plaintiff's office, Rogers carrying his pistol in his hand. That as they walked up to where Carlton was, he and Henry exchanged a few words and Henry knocked Carlton down several times, slapped his jaws and kicked him, and that while this was being done, Rogers stood by holding his pistol in his hand. Some of the witnesses for the plaintiff testified that Rogers kept his pistol on Carlton while Henry was beating him.

The evidence for the defendants tended to show that when Rogers and Henry returned from chasing Stallings, Henry undertook to apologize to Carlton for knocking him up against the door, and upon Carlton remonstrating and striking at him, Henry knocked him down and that Rogers had nothing to do with the encounter between Carlton and Henry.

[Carlton v. Henry *et al.*]

The court, at the request of the defendants, gave to the jury the following written charges, to the giving of which the plaintiff separately excepted: (C.) "The court charges the jury if the jury are reasonably satisfied from the evidence that Carlton himself first assaulted Henry, and that Henry resisted said assault by striking Carlton with his fist, and that Henry only acted in self-defense, that Henry did not bring on or provoke the difficulty, and only used such force in resistance as was, or reasonably appeared to be, necessary to repel plaintiff's assault, then plaintiff cannot recover." (N.) "The court charges the jury there is no evidence tending to show that Rogers had anything to do with pushing Carlton out of the way at the ice factory." (Z.) "The court charges the jury that the burden of proof is on the plaintiff to show to a reasonable certainty that the defendant E. A. Rogers aided and abetted or took some part in the alleged assault and battery before they can, under all the evidence in this case, render a verdict against the defendant E. A. Rogers."

There were verdict and judgment for the plaintiff against Henry for $100, and one-half of the costs, and there were verdict and judgment in favor of Rogers. From this judgment the plaintiff appeals, and assigns as error the giving of the several charges requested by the defendants.

SAMUEL WILL JOHN, for appellant.—The charges given at the request of the defendants were, under the evidence in the case, erroneous and should have been refused.—*Scott v. State*, 30 Ala. 508; *Frank v. State*, 27 Ala. 43; *Johnson v. State*, 29 Ala. 62; *Williams v. State*, 81 Ala. 4; *Thompson v. State*, 25 Ala. 41; *Brown v. Perkins*, 1 Allen 98; Cooley on Torts, (2d ed.) 145.

AMOS E. GOODHUE, *contra.*

SHARPE, J.—On the trial there was evidence tending to show that defendants went to the plaintiff's office and factory for the preconcerted purpose of beating or shooting his servant; that while both defendants

31

were chasing the servant through the factory, defendant Henry met plaintiff in a doorway and violently thrust him aside; that a few minutes later, on returning from the pursuit, Henry beat the plaintiff while Rogers stood by holding a pistol which he had fired at the servant. In view of this evidence charges "C" and "N" should not have been given. The act of Henry in thrusting the plaintiff being done in carrying out the unlawful purpose of beating the servant, was in itself unlawful and amounted to an actionable assault and battery without regard to whether it was designed to injure plaintiff. In the civil as distinguished from the criminal action an intent to injure is not essential to the liability of the person committing the assault.—*Thomason v. Gray*, 82 Ala. 291; *Chapman v. State*, 78 Ala. 463; 2 Green. Ev., § 85; 2 Am. & Eng. Law, 954, 986. That act was comprehended in the trial and a verdict might have been based upon it as against Henry if not against the other defendant. The effect of charge "C" was to preclude such a verdict by confining the jury's consideration to the later encounter.

Charge "N" also invaded the jury's province. It was equivalent to a denial of Rogers' responsibility for Henry's act in casting plaintiff from his way during the chase. A doctrine applicable to civil as well as criminal cases is that where two persons enter into a combination to do an unlawful act, whatever is done by one as the proximate consequence of furthering the main purpose of the conspiracy, whether specifically included in that purpose or not, is the act of both and binds both to responsibility.—*Martin v. State*, 89 Ala. 115; *Jordan v. State*, 79 Ala. 9; *Williams v. State*, 81 Ala. 1; *Doremus v. Hennessy*, 176 Ill. 608, 68 Am. St. Rep. 203.

If defendants combined to invade the plaintiff's premises and there punish his servant, they had reason to expect his interference. From the evidence it was open to the jury to infer that they conspired and acted to that end, that they contemplated resisting such interference by violence if necessary, and that plaintiff was thrust aside to avoid such obstruction as his presence

[Central of Georgia Railway Co. v. Wood.]

in the doorway offered to the chase and so was done in furtherance of the common object. Therefore, the question of Rogers' responsibility for that act of Henry's was properly for the jury.

Charge "Z" was probably misleading but the plaintiff might have prevented that effect by requesting the court to explain the effect which the part of a conspirator may have in connecting one with an assault and battery.

The judgment will be reversed and the cause remanded.

