# Seigel *v.* Long.

*Assault and Battery.*

(Decided Dec. 8, 1910.   53 South. 753.)

1. *Assault and Battery; Elements; Evidence.*—Where the defendant admitted that he placed his left hand on plaintiff's face in an effort to push his hat back on his head that he might look at him for the purpose of identification, saying at the time "some scoundrel came along here yesterday, or the other day, and scared my horses, and I am looking for him" at the same time calling a negro and asking him if the plaintiff was the person who frightened his horses, such conduct constituted an assault and battery as a matter of law,

which was not excused by the fact that defendant made a mistake of identity and told the plaintiff that if he was not the person he owed him an apology.

2. *Same.*—Any touching of the person of another in rudeness or anger is a legal assault and battery.

3. *Same; Intent.*—So far as the civil rights of the party assaulted are concerned the intent to injure is not a necessary element of an assault and battery.

4. *Same; Offer to Apologize.*—It is no defense to an action for assault and battery that the person committing it was mistaken in the identity of the person on whom it was committed, and offered to apologize after the assault in case he was mistaken.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Jerome Seigel against Thomas Long for damages for assault and battery. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Charge 2 referred to in the opinion was the affirmative charge for the plaintiff.

ARTHUR M. PITTS, for appellant. The court erred in overruling demurrers to plea 3.—*Stevenson v. Wright,* 20 So. 622. The court erred in refusing charges 1, 2 and 3, requested by plaintiff.—*Chapman v. The State,* 78 Ala. 464; *Carter v. The State,* 87 Ala. 113; *Carlton v. Henry,* 29 So. 924; *Jacobi v. The State,* 32 So. 158.

W. F. HOGUE, for appellee. Under the facts in this case there was no assault and battery.—*Alston v. The State,* 109 Ala. 51. Plea 3 contained the general issue, and was therefore sufficient.—*H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 417; *Colsky v. Enslen,* 103 Ala. 97.

MAYFIELD, J.—Appellant sued appellee for an assault and battery. The first count of the complaint was in Code form. The plaintiff's evidence made out a case

of inexcusable and rude assault. The defendant's evidence likewise made a case of assault, though one of less insolence and rudeness than that which plaintiff's evidence tended to prove; nevertheless it proved the first count of the complaint and failed to prove the pleas which were the general issue. The plaintiff was therefore clearly entitled to the general affirmative charge as to·the first count, as was requested by him, for nominal damages.

The defendant's account of the rencounter, so far as pertains to the assault and battery vel non, was as follows: "I did place my left hand on his forehead and pushed his hat back on his head. I did this for the purpose of seeing his face and identifying him. I said to him, 'Some scoundrel came here yesterday, or the other day, and scared my horses, and caused them to run away and break my rake,' and I am looking for him. I did tell him that some of you all scoundrels think you own the world, but I stated that we need some of it. There were two young ladies in the automobile. I was provoked when I walked from my wagon down to the automobile. I was provoked at the time I placed my hand on Mr. Seigel. I was angry at the person who frightened my team. I was hunting the person who frightened my team, and no one else. I did call the negro, and ask him if this was the person who came along a few days before and frightened my team."

It is true that defendant's testimony tended to show that defendant made a mistake as to the identity of the party whom he assaulted, and he told plaintiff that, if he was not the person who frightened his team, he owed him an apology; but this did not prevent what he did from being an assault and battery. It was an assault and battery, with or without mistaken identity.—*Carter v. State*, 87 Ala. 113, 6 South. 356.

It was likewise no defense that defendant offered to apologize after the assault, if he made a mistake as to the identity of the person assaulted. It may likewise be true that defendant did not intend to injure or hurt the plaintiff, unless he proved to be the one who had frightened his team the day before; but this, if true, did not prevent what he says he did from being an assault and battery. An intent to injure is not a necessary element of assault and battery in a civil action.— *Carlton v. Henry,* 129 Ala. 479, 29 South. 924; *Thomason v. Gray,* 82 Ala. 291, 3 South. 38; 2 Greenl. Ev. § 85.

It has likewise been held by this court, repeatedly, that "any touching by one person of the person of another in rudeness or in anger is an assault and battery, and that every assault and battery includes an assault."—*Jacobi v. State,* 133 Ala. 17, 32 South. 163. Therefore, under all the testimony, the plaintiff was entitled to recover at least nominal damages; and hence charge 2, which was limited to the first count, should have been given.

The evidence was in dispute as to the other count. It was attempted to set out the facts as to which there was dispute, and hence the general affirmative charge as to it was properly refused.

Plea 3 was in effect the general issue. While it contained immaterial matter, it was surplusage or inducement merely. In legal effect it was the general issue, and certainly not subject to the grounds of demurrer assigned.

For the error in refusing charge 2, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.