(78 South. 47)

POWELL v. FOLMAR. (4 Div. 735.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. ADVERSE POSSESSION ☞115(3)—DIRECTION OF VERDICT.

In an action of ejectment, where plaintiff proved a prima facie case by deed to his grantor and from such grantor to plaintiff and previous possession of grantor, and where defendant who admitted prior possession and ownership of plaintiff's grantor attempted to defeat plaintiff's right by showing adverse possession of grantor's tenant, the affirmative charge was properly given for plaintiff, where defendant failed to show any knowledge by plaintiff's grantor of any hostile or adverse claim of the tenant, while plaintiff proved a want of such knowledge by his grantor.

2. APPEAL AND ERROR ☞502(7)—RECORD—RULING ON MOTION FOR NEW TRIAL.

Under Acts 1915, p. 598, dealing with motions, providing that an exception need not be reserved in order to review the action upon the same, and page 722, a subsequent enactment dealing specially with motions for new trial, providing for an exception to the decision on motion for new trial, and that the evidence in support of the motion and the decision of the court shall be included in the bill of exceptions, where motion for new trial does not appear in either the bill of exceptions or the record proper, and it does not appear from the bill of exceptions that appellant excepted to the ruling, the trial court will not be reversed for refusing to grant the motion.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Ejectment by W. B. Folmar against T. J. Powell. Judgment for plaintiff, and defendant appeals. Affirmed.

D. A. Baker, of Troy, for appellant. W. E. Griffin, of Troy, for appellee.

ANDERSON, C. J. [1] This is an action of ejectment, and the plaintiff proved a prima facie case by deed to Joe Scott, and deed from said Joe Scott to him, and the previous possession of the said Joe Scott. While the defendant in effect admitted the prior possession and ownership of Joe Scott, he attempted to defeat the plaintiff's right to recover by showing adverse possession through one Simon Scott for such a length of time as would ripen into title. The undisputed evidence shows that the said Simon Scott was put into possession by Joe Scott as a tenant and not as a vendee, and while there were certain acts shown by Simon Scott that would indicate a claim of ownership on his part to the land, the proof does not show that a hostile or adverse possession was brought to the knowledge of Joe Scott, his landlord. Not only did the defendant fail to show knowledge on the part of said Joe of any hostile or adverse claim upon the part of his tenant, but the plaintiff proved a want of knowledge of this fact on the part of Joe Scott. The case of Lay v. Fuller, 178 Ala. 375, 59 South. 609, and cases there cited,

justified the action of the trial court in giving the affirmative charge for the plaintiff.

[2] Counsel for the appellant assigns as error and argues error upon the part of the trial court in refusing the defendant's motion for a new trial, but we do not find said motion either in the bill of exceptions or the record proper, and in the absence of same we cannot reverse the trial court for refusing to grant the said motion. If the motion was in writing, as it should have been, it became a part of the record under the act of 1915 (page 598), and did not have to appear in the bill of exceptions, but the motion in question does not appear either in the record proper or the bill of exceptions. Moreover, it does not appear from the bill of exceptions that the appellant excepted to the ruling of the trial court upon said motion. It is true the act of 1915 (page 598) in dealing with motions provides that an exception need not be reserved in order to review the action upon same, but the act of the same Legislature (page 722) deals specially with motions for a new trial, and is of a subsequent date, and provides for an exception to the decision of the court on the motion, and that the evidence in support of the motion and the decision of the court "shall be included in the bill of exceptions."

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.