(82 South. 454)

.FOSTER & CREIGHTON CO. v. THOMP-SON. (8 Div. 178.)

(Supreme Court of Alabama. June 5, 1919.)

1. MASTER AND SERVANT ⬉287(8)—DEATH OF SERVANT BY DYNAMITE EXPLOSION—NEGLIGENCE OF SUPERIOR—QUESTIONS FOR JURY.

In an action under Employers' Liability Act (Code, § 3910), for the death of an employé by an explosion of dynamite thawed out before an open fire, evidence *held* to justify submitting to the jury counts that defendant's superintendent negligently caused dynamite to explode, and that an employé to whose orders deceased was bound to conform negligently ordered deceased to thaw out the dynamite as he did.

2. MASTER AND SERVANT ⬉289(1)—ACTION FOR DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Employer's pleas of contributory negligence, resting in inference, *held* properly submitted to the jury, though the evidence in support of them was very strong.

3. APPEAL AND ERROR ⬉502(7)—BILL OF EXCEPTIONS—NECESSITY OF SHOWING EXCEPTION RESERVED BELOW TO COURT'S RULING.

Where the bill of exceptions fails to show an exception preserved to the ruling of the court on the motion for a new trial, that question cannot be reviewed.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by Geneur Thompson, administratrix, against the Foster & Creighton Company. . Judgment for plaintiff, and defendant appeals. Affirmed.

Travis Williams, of Russellville, for appellant.

Beasley & Wright, of Fayette, and A. H. Carmichael, of Tuscumbia, for appellee.

SAYRE, J.    Plaintiff's intestate, while in the employment of the defendant, was killed by an explosion of dynamite which he was at the time thawing out before an open fire. Plaintiff declared under the second and third subdivisions of the Employers' Liability Act, section 3910 of the Code, alleging in count 1 that defendant's superintendent negligently caused or allowed the dynamite to explode, and in count 3 that one Stonewall Little, who was in defendant's employment and to whose orders or directions intestate was bound to conform and did conform, negligently ordered intestate to thaw out some dynamite. We have stated only enough of the counts submitted to the jury to show the theory on which they proceeded. Whether these counts were proof against demurrer is a question not now at issue. Errors assigned raise two. questions only: (1) Whether defendant was entitled to the general affirmative charge as to either count, and (2) whether the court erred in overruling defendant's motion for a new trial.

[1, 2] There was evidence to the effect that plaintiff's intestate was killed while conforming to the order of defendant's employé Stonewall Little, who was in charge of the work, to thaw out some dynamite; that intestate was bound to conform to the order of Little: that it was dangerous to thaw out dynamite before an open fire: that there were safer ways of thawing out dynamite, but that defendant had provided no instrumentalities necessary to be employed in the use of the safer ways. From the evidence of these facts—from the tendencies of the evidence above stated—the court is of opinion that an inference was deducible in consonance with the allegations of either count of the complaint, and therefore that the trial court did not err in submitting these counts to the decision of the jury. Nor can the defendant's request for the affirmative charge be sustained on the ground that the pleas of contributory negligence—or assumption of risk, as some of them are labeled—or any one of them, were proved without conflict. The evidence to support them was very strong, it will be conceded; but the defenses so interposed rested in inference, and were therefore proper for submission to the jury.

[3] The bill of exceptions fails to show an exception reserved to the ruling of the court on the motion for a new trial, and for that reason we cannot review that question. Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 South. 548; Powell v. Folmar, 201 Ala. 271, 78 South. 47.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes