(85 South. 393)

## STOVER v. STATE. (6 Div. 950.)

(Supreme Court of Alabama. Jan. 29, 1920. On Rehearing June 3, 1920.)

1. **Jury** ⬅95—Service as juror in previous prosecution of other defendant cause for challenge.

That member of venire in homicide prosecution had been a juror in the prior prosecution of a defendant charged with having committed the crime jointly with the defendant would have been good grounds for challenge.

2. **Jury** ⬅116—Presence of jurors at trial of another defendant for same crime held not ground for quashing venire.

In a homicide prosecution the court did not err in refusing to quash the venire and continue the case, even though the members of the venire from which jury was to be selected had been in court during the trial of another

defendant, charged with having committed the crime jointly with defendant.

**3. Criminal law ⬡⟹589(5)—Continuance because members of venire were present at trial of codefendant discretionary.**

Continuance on ground that members of venire had been present during the trial of another defendant charged with the same crime *held* discretionary with court.

**4. Criminal law ⬡⟹1052—Overruling motion to quash venire and to continue reviewable, though motion not excepted to.**

Under Acts 1915, p. 598, the overruling of motion to quash venire and to continue the cause is reviewable on appeal, though the motion was not·excepted to, and was not set out in the bill of exceptions.

**5. Criminal law ⬡⟹1091(1)—Ruling on motion for new trial not reviewable in absence of bill of exceptions.**

Under Acts 1915, p. 722, ruling of court on motion for new trial is not reviewable on appeal where bill of exceptions does not show an exception, the evidence in support of the motion, and the ruling thereon.

Appeal from Circuit Court, Jefferson County; D. A. Greene, Judge.

Will Stover was convicted of murder in the first degree, and he appeals. Affirmed.

Grace & Simpson, of Birmingham, for appellant.·

The court should have granted the motion to quash the venire and continue the case. Sections 7276, 7277, Code 1907; 109 Ala. 45, 19 South. 491; 110 Ala. 11, 20 South. 363; 44 Ala. 81; 48 Ala. 386; 58 Ala. 594. The court erred in permitting the opinion of the solicitor, expressed in the woods at the scene of the homicide, to go to the jury. 83 Miss. 519, 35 South. 873; 143·Ala. 603, 42 South. 73, 5 Ann. Cas. 709; 148 Ala. 675; 163 Ala. 348, 50 South. 1008; 138 Ala. 531, 36 South. 426; 195 Ala. 344, 70 South. 277.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no exception reserved to the action of the court in overruling these motions, nor are the motions or exceptions recited in the bill of exceptions. 136 Ala. 625, 33 South. 872; 179 Ala. 225, 60 South. 88. There was no error in the admission of evidence. 181 Ala. 78, 61 South.·434; 13 Michie, Ala. Dig. 196.

ANDERSON, C. J. [1-4] The defendant moved the court to quash the venire and grant him a continuance of the case upon the ground that the members of the venire from which his jury was to be selected had been in court during the week and had heard the evidence and arguments in the case of Alex Hill who ,was tried for killing with him jointly the same person for whom he was then being placed upon trial for killing. It would have been good grounds for challenge for cause of any jurors who may have tried the said Alex Hill (Wickard v. State, 109 Ala. 45, 19 South. 491), but the fact that all or some of the members of the general venire were present in court when Alex Hill's case was tried did not afford a revisable ground for quashing the venire and refusing to continue the case. Moreover, the action of the trial court in'refusing to continue the cause was discretionary. This motion was not excepted to, and was not set out in the bill of exceptions, as suggested in brief of counsel for the state; but the act of 1915, p. 598, dispenses with the necessity for an exception or setting out motions, or the ruling upon same, in the bill of exceptions. We held in the case of Powell v. Folmar, 201 Ala. 271, 78 South. 47, that the above-cited statute did not dispense with the necessity for .setting up the evidence in support of a new trial, the ruling upon same, and the exception thereto in the bill of exceptions, notwithstanding the motion was in writing, for the reason that the act of 1915, p. 722, of ·a subsequent date specifically required that this should be done as to motions for new trials; but we did not there hold, and do not now hold, that the exceptions to the ruling upon motion in writing, or the rulings thereupon, must be shown by bill of exceptions, though we may now say it would perhaps be necessary to set out the evidence in support of same by a bill of exceptions.

[5] The failure, however, to show an exception and the evidence in support of the motion for new trial, as well as the ruling upon same, in the case at bar by the bill of exceptions, deprives this appellant of the right to have the same reviewed by this court. Powell v. Folmar, supra.

The objections and exceptions to the rulings upon the evidence as disclosed by this record have been carefully examined, and the court is of the opinion that they were free from reversible error, and a discussion of same would. involve only elementary principles, which can serve no good purpose. The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.

On Rehearing.

PER CURIAM. Rehearing denied.

GARDNER and BROWN, JJ., dissenting.