(101 So. 638)

## ALABAMA FUEL & IRON CO. v. COURSON.
### (7 Div. 6.)

(Court of Appeals of Alabama. June 3, 1924. Rehearing Denied June 17, 1924. Reversed on Mandate Oct. 28, 1924.)

1. **Appeal and error** ⬅️518(1) — **Appellate court must review rulings of trial court on trial proper, though pleadings not formally set out in record.**

Court of Appeals must review rulings of trial court on the trial proper in same manner as if pleadings were formally set out in record.

2. **Assault and battery** ⬅️15—**One in possession of realty may eject trespasser, using no more force than reasonably necessary.**

One who is in rightful and exclusive occupancy of real estate may eject trespassers

therefrom, provided no more force is used than is reasonably necessary.

**3. Assault and battery ⊜⟹10 — Defendant through its agent held to have committed actionable assault and battery on one rightfully on defendant's premises.**

Where plaintiff, in entering defendant's commissary and making known his desire to purchase an article, was told by defendant's servant in charge that he would wait on plaintiff if latter would wait, plaintiff was then rightfully in such place, and X., another agent of defendant, who previously warned plaintiff to stay away, could not then direct plaintiff to leave, and where he did so and caught plaintiff by arm and booted him along, defendant committed an actionable assault and battery on plaintiff.

**4. Assault and battery ⊜⟹43(6) — Requested charge as to owner's right to eject from premises one requested to leave held properly refused.**

Requested charge that, if plaintiff was on defendant's premises and was requested by defendant's agent in charge to leave and plaintiff refused, agent could eject plaintiff, using no more force than was reasonably necessary to accomplish such purpose, *held* properly refused, where defendant was at fault in bringing on ·difficulty with plaintiff.

**5. Trial ⊜⟹260(1)—Refusal to give requested written charge covered by oral charge held not reversible error.**

Refusal to give proper requested written charge, which was fully covered by oral charge, *held* not reversible error, in view of Acts 1915. p. 815.

**6. New trial ⊜⟹55—Misconduct of juror not available to losing party failing to complain until after verdict.**

Where juror, after jury was discharged for ·the night, conversed privately with plaintiff's attorney relative to obtaining an increase in juror's pension as a war veteran, defendant, having knowledge of such improper conduct, but failing to apprise court thereof, could not, after adverse verdict, obtain a new trial for such misconduct.

**7. Appeal and error ⊜⟹528(1) — Motion for new trial should be in record proper.**

Motion for new trial should be in the record proper, under Acts 1915, p. 722.

**8. Appeal and error ⊜⟹502(6, 7), 528(4)—Evidence in support of motion, ruling of court thereon, and exception thereto, should appear in bill of exceptions.**

Evidence offered in support of motion for new trial, ruling of trial court on same, and the exception thereto, should appear in the bill of exceptions, under Acts 1915, p. 722.

**9. Courts ⊜⟹91(1) — Decisions of Supreme Court govern decisions of Court of Appeals.**

Under Acts 1911, p. 96, decisions of Supreme Court govern holdings and decisions of ·Court of Appeals.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action for damages for assault and battery by Horace D. Courson against the Alabama Fuel & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Reversed and remanded, on authority of Ex parte Ala. Fuel & Iron Co., 212 Ala. 1, 101 So. 642. ·

Charge 3, requested by and refused to the defendant, is as follows:

"(3) If you find from the evidence that plaintiff on the occasion complained of was on the defendant's premises, and was requested or notified by defendant's agent in charge of said premises to leave, and the plaintiff refused to leave, then I charge you that such agent had the right to eject him, using no more force than was reasonably necessary to accomplish such purpose."

Percy, Benners & Burr and J. R. Forman, all of Birmingham, for appellant.

If favors are extended to a juror by the prevailing party during the trial and before verdict is rendered, a new trial will be granted. 20 R. C. L. 261; 19 L. R. A. (N. S.) 735 note. Intimate association of parties with jurors is ground for a new trial. Craig v. Pierson Lbr. Co., 169 Ala. 552, 53 So. 803; Manning v. A. B. & A., 206 Ala. 629, 91 So. 446; L. & N. v. Turney, 183 Ala. 398, 62 So. 885; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037. The owner in possession of realty may eject a trespasser ·by use of no more force than is reasonably necessary, when he notifies the trespasser to leave the premises and the trespasser refuses to do so. Hart v. Jones, 14 Ala. App. 327, 70 So. 206.

V. S. Garrett, of Pell City, and Charles R. Robinson, of Ashville, and Brown & Denson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The appellee, plaintiff in the court below, brought his suit against appellant, defendant, in the court below, for the recovery of the sum of $100,000 damages for an alleged assault and battery committed on plaintiff by a servant, or agent, of the defendant, while acting within the line and scope of his employment. ·It was averred in the complaint that said agent wantonly, willfully, intentionally, and maliciously committed the assault and battery· on plaintiff to his physical injury and mental pain and suffering, and also to his financial loss and expense in the treatment of his injuries, to his loss of time from his business, and to his permanent injury.

[1] It appears from the recitals of the record that by agreement the defendant in the court below was allowed to plead in short by consent, and that plaintiff was allowed to strike the name of W. S. Painter as a

party defendant. The record fails to show that any special pleas of any kind were filed to the complaint as originally filed, or to the complaint 'as amended. It is manifest from the record that both parties, without objection, have tried a case for personal injuries to its final conclusion as if upon issue joined upon the plea of the general issue and upon a special plea to the effect that the plaintiff was warned by one, a Mr. Painter, a deputy sheriff of St. Clair county, and also agent of defendant, to stay off of the premises of the defendant, and that in disregard of this warning and without legal cause or good excuse, the plaintiff entered upon the premises of defendant and was ejected therefrom by the said agent, Mr. Painter, and that in the process of ejectment no more force was used than was reasonably necessary to effect this end. While the pleas of defendant do not appear in the record it is still the duty of this court to review the rulings of the trial court upon the trial proper in the same manner as if the pleadings were formally set out in the record. Pryor v. R. R. Co., 90 Ala. 32, 8 So. 55; Richmond & Danville R. R. Co. v. Farmer, 97 Ala. 141, 12 So. 86.

[2, 3] It appears from the uncontradicted evidence, as set out in the bill of exceptions, that plaintiff was at the store, or commissary, of defendant at Acmar, St. Clair county, Ala., on the 18th day of September, 1922, for the purpose of purchasing some gas (gasoline); that F. P. Bryant was the storekeeper of defendant at Acmar, and was the manager of the store, or commissary, and was the representative of defendant in the sale of everything that was sold in defendant's commissary at this point; that when plaintiff made known his business to said F. P. Bryant, storekeeper and manager, the said Bryant was engaged in waiting upon another customer, and told plaintiff that he would have to wait, meaning that if the plaintiff would wait he (Bryant) would sell plaintiff the gas which he desired to purchase. It thus appears without conflict or question that plaintiff was then in the store, or commissary, of defendant, and of which defendant's agent Bryant was manager and in possession and control. Therefore, if Bryant requested plaintiff to wait when plaintiff made known his desire to purchase the gas in question, then plaintiff was in a place where he had a right to be at the time he was assaulted by the witness Painter, notwithstanding Painter had warned plaintiff to stay off of defendant's premises. It is self-apparent that, if plaintiff went into the store of defendant and asked to purchase some gas, and was directed by the storekeeper, or manager, or person in control thereof, to wait until he (the plaintiff) could be waited upon, then plaintiff from that time on until assaulted by defendant's agent Painter was in the store by the direction, or request, of the defendant through its agent F. P. Bryant, and while so waiting defendant's agent Painter had no legal right whatever to direct plaintiff to leave the store, much less to catch hold of him, kick him, and pull him about, as the evidence in this case shows beyond dispute was done.

It is the law of this state that one who is in the rightful and exclusive occupancy of real estate has the right to eject trespassers therefrom provided no more force is used than is reasonably necessary. The defendant was in the actual and exclusive occupancy of the store or commissary at Acmar through its agent F. P. Bryant, the storekeeper or manager of said store or commissary. F. P. Bryant had the right to eject plaintiff from said store if plaintiff was a trespasser therein, but only by the use of reasonably necessary force. According to Bryant's own statement he did not request plaintiff to leave these premises, but he directed him to wait until plaintiff could be delivered the gas which plaintiff desired to purchase from the defendant. Plaintiff therefore was perfectly justified under these circumstances in remaining in the store. While the plaintiff was in the store awaiting the purchase of the gas as testified by the witness Bryant, W. S. Painter, another agent of the defendant, came into the store and, seeing the plaintiff, walked to where plaintiff stood and told him to leave the premises. The plaintiff did not respond to the request of the witness Painter, and thereupon said Painter took the plaintiff by the left arm and started with him towards the front door of the store. The plaintiff stopped after going two or three steps and ran his hand in his pocket, and thereupon Painter booted plaintiff along with his right leg. Painter had just previously stated to the plaintiff that the plaintiff had been told enough to stay off of defendant's property, that it looked like plaintiff was seeking trouble by continuing to come on it, and plaintiff was asked by this witness to go on out of the store and not to come back any more, and this just after the defendant through its agent, Bryant, had directed plaintiff to remain in the store until plaintiff could be waited upon. W. S. Painter, agent of the defendant, had no right either to direct plaintiff to leave the store at the time these directions were given to plaintiff by him, nor to lay his hands upon the person of plaintiff. When the defendant, through its agent W. S. Painter, caught the plaintiff by the left arm and booted him along, it committed an actionable assault and battery upon the plaintiff. Seigel v. Long, 169 Ala. 79, 53 So. 753, 33 L. R. A. (N. S.) 1070; Carlton v. Henry, 129 Ala. 479, 29 So. 924.

[4, 5] The defendant was at fault in bringing on the difficulty with the plaintiff, and cannot invoke the defense covered by defendant's written charge No. 3. Hart et al. v. Jones, 14 Ala. App. 327, 70 So. 206. The

legal principles announced in defendant's written charge No. 3 were fully covered by the trial court's oral charge and, assuming that said written charge asserts correct principles of law applicable to the facts of this case, the refusal of the trial court to give said charge would not and does not justify a reversal of the judgment appealed from. Gen. Acts Ala. 1915, p. 815; Murphy v. State, 14 Ala. App. 78, 71 So. 967.

The assignment of error most seriously insisted upon by appellant relates to the overruling of defendant's motion for a new trial by the trial court. It appears from the bill of exceptions that the motion contained eleven separate and several grounds. It is unnecessary to discuss the first eight grounds of the motion for the reasons hereinabove expressed. The ninth, tenth, and eleventh grounds of motion set up undue influence used by one of plaintiff's attorneys upon a juror, as charged in the ninth ground; improper conduct of one of plaintiff's attorneys and one of the jurors as set up in the tenth and eleventh grounds.

It appears from the affidavits offered in support of said motion that, after the jury before whom the case was tried in the court below had been charged by the court, and after they had retired to the jury room and had deliberated for some time upon the case before them, they were called into the courtroom and discharged for the night by the court; that after the jury was discharged as above stated one of the jurors approached one of the attorneys for plaintiff, who was then in the probate office talking with other parties, and requested said attorney to go with him (said juror) into the back room of said probate office, whereupon said attorney and said juror retired into said back room, where they remained for some time discussing the matter of a raise in the pension of said juror, who was a Spanish-American War veteran; that said attorney was an assistant United States district attorney, and that he promised said juror that he would do all he could to assist him in having said pension raised, and would endeavor to procure the assistance of another federal officer in behalf of said juror, with regard to said pension. The conduct of said juror and of said attorney was improper, to say the least of it. If the juror was ignorant of the impropriety of his conduct he should have been advised by said attorney that it would be improper for the attorney and juror to retire into privacy at this stage of the proceedings for conversation, or other purpose. The very appearance of improper conduct on the part of counsel and of jurors should at all times be avoided.

It is imperative that justice should be impartially and fairly administered by the courts of the land, and to this end it is the duty of all officers of the court, including attorneys, to immediately call to the atten-

tion of the court any unseemly or improper conduct of parties, jurors, or attorneys engaged in the trial of a cause before the court. It appears from one of the affidavits offered in support of the motion for a new trial that one of the attorneys for the defendant was in the probate office while the juror and one of the attorneys for the plaintiff were in the back room of the probate office; that he was in the front room of the probate office for some 20 minutes, and that, after remaining in this front room for 20 minutes, he saw the attorney for plaintiff and said juror come from the back room of the probate office together, and apparently in conversation with one another. Defendant was therefore fully aware of the improper conduct of plaintiff's attorney and of the juror of which, in said motion, defendant complains, upon the very commission of the acts complained of, and it was the duty of defendant's attorney to immediately call to the attention of the court the conduct of plaintiff's attorney and said juror, and thus empower the court to make such investigation as the court deemed proper, whereupon the court could have stopped the trial of the case and discharged the jury, and dealt with the offending parties for contempt. But it does not appear that defendant made any effort whatever to inform the court of the then existing status although defendant was then duly and fully informed.

[6] Defendant sat by and permitted the jury the next morning to retire for further consideration of said case, and then, when the jury returned its verdict into court against the defendant, and after judgment against the defendant had been pronounced and entered against defendant, the defendant files its motion for a new trial. Having the necessary knowledge of the improper conduct complained of, the defendant cannot be permitted to sit quietly by and speculate upon the verdict, and then, if unfavorable, have it set aside and held for naught through a motion for a new trial for, as was said in the case of Penney v. Grant, 16 Ala. App. 510, 511, 79 So. 271, 272: "This would itself be a trifling with the court, which should not be permitted." See, also, Alabama Lumber Co. v. Cross, 152 Ala. 562, 44 So. 563, 126 Am. St. Rep. 55; L. & N. R. R. Co. v. Sullivan, 126 Ala. 95, 27 So. 760; Sowell v. Bank of Browton, 119 Ala. 92, 24 So. 585; Oliver v. Herron, 106 Ala. 639, 17 So. 387.

What is above said in regard to the motion for a new trial we have deemed necessary to say in view of the disclosures set forth in the bill of exceptions as to the conduct of attorneys on both sides of this case, as well as to the conduct of one of the jurors. It is to be observed that the attorney for plaintiff was not the initiator in his private interview and conference with the juror and therefore the cases of L. & N. R. R. Co. v. Turney, 183 Ala. 398, 62 So. 885, and B. R.,

L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037, cited by appellant, do not apply.

[7, 8] For the reasons hereinabove stated the manner in which the motion for new trial is presented is wholly immaterial in this case, as in any event it was properly overruled. It is evident however, that more or less confusion exists as to the proper manner of incorporating a motion for a new trial in the transcript on appeal, and it may not be amiss to here state that under the statute (Acts 1915, p. 722) the motion itself should be in the record proper. The evidence offered in support of the motion for a new trial, the ruling of the court upon same, and the exception thereto, should appear in the bill of exceptions. Acts 1915, p. 722. Britton v. State, 15 Ala. App. 586, 74 So. 721; Powell v. Folmar, 201 Ala. 271, 78 So. 47.

In the case of Stover v. State, 204 Ala. 311, 85 So. 393, wherein Anderson, C. J., for the court is reported as having stated:

"We held in the case of Powell v. Folmar, 201 Ala. 271, 78 So. 47, that the above-cited statute did not dispense with the necessity for setting up the evidence in support of a new trial, the ruling upon same, and the exception thereto, in the bill of exceptions, notwithstanding the motion was in writing, for the reason that Acts 1915, p. 722, of a subsequent date specifically required that this should be done as to motions for new trials; but we did not there hold, and do not now hold, that the exceptions to the ruling upon motion in writing, or the rulings thereupon, must be shown by bill of exceptions, though we may now say it would perhaps be necessary to set out the evidence in support of same by a bill of exceptions."

This appears to be a misprision; the Stover Case itself being self corrective of the statement, "but we did not there hold, and do not now hold, that the exception to the ruling upon motion in writing, or the rulings thereon, must be shown by bill of exceptions," and the case of Powell v. Folmar, supra, is quoted with approval. It is clearly manifest that the eminent Chief Justice had in mind, when making this statement, motions in writing other than motions for a new trial. Acts 1915, p. 598.

Likewise there appears a misprision in the second headnote, and in the opinion, in the case Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389, where it appears to have been stated that:

"Under Acts 1915, p. 722, not only the motion for new trial, but also the decision granting or refusing it, must be included in the bill of exceptions."

[9] Of course the writer, nor this court, desires to be understood as assuming an authority not conferred by law. We recognize that under statute the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals. General Acts 1911, p. 96.

We here disclaim any intention of attempting to hold contrary to any decision of the Supreme Court, but as the case of Powell v. Folmar, supra, deals directly with the question under discussion, and has never been modified or overruled, we think it proper here to follow that case, and also not out of place to invite the Supreme Court's attention to above-quoted misprision, if such it be. However, we may be mistaken relative to the above-quoted expression being a misprision; for by reference to Ex parte Mobile Light & R. Co., 201 Ala. 493, 78 So. 399 where the Supreme Court deals with an analogous proposition, relative to given and refused charges, it is there held that it is sufficient for review, if the charges appear in either the record proper or in the bill of exceptions.

We find no error in the record, therefore the judgment of the lower court will stand affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, on authority of Ex parte Ala. Fuel & Iron Co., 212 Ala. 1, 101 So. 642.