(106 So. 919)

Charlie JENNETT v. STATE. (4 Div. 50.) (Court of Appeals of Alabama. Nov. 17, 1925.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Vagrancy. Frank M. De Graffenried, of Seale, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. There is no bill of exceptions, and in the absence thereof the court cannot review the judgment of the lower court, overruling the motion for new trial. Powell v. Folmar, 201 Ala. 271, 78 So. 47. We find no error in the record, and the judgment is affirmed.

---

(106 So. 919)

Charlie JENNETT v. STATE. (4 Div. 49.) (Court of Appeals of Alabama. Dec. 15, 1925.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Frank M. De Graffenried, of Seale, for appellant. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. This cause was first submitted in this court on March 26, 1925, and upon May 12, 1925, was affirmed upon the record; there being no bill of exceptions. Upon motion and earnest solicitation by defendant, the affirmance was set aside, the cause restored to the docket, and certiorari awarded, ordering that a complete record in this case from the court below be sent up. The cause was again submitted here on November 5, 1925. The appeal is upon the record only. The proceedings appear regular in all things; therefore the judgment of the circuit court will stand affirmed. Affirmed.

---

(108 So. 924)

Jim JENNETT v. STATE. (4 Div. 146.) (Court of Appeals of Alabama. April 6, 1926. Rehearing Denied June 1, 1926.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Assault to murder.

SAMFORD, J. Appeal dismissed.

---

(110 So. 921)

Jim JENNETT v. STATE. (4 Div. 225.) (Court of Appeals of Alabama. Nov. 9, 1926.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

BRICKEN, P. J. This appellant was indicted, tried, and convicted for the offense of violating the prohibition law. In addition to the fine assessed by the jury, the court added four months' hard labor for the county. From the judgment, pronounced and entered, this appeal was taken. The appeal is upon the record proper. The record is without error. Let the judgment of conviction stand affirmed. Affirmed.

---

(108 So. 924)

George JENNINGS v. STATE. (6 Div. 953.) (Court of Appeals of Alabama. April 27, 1926.) Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

BRICKEN, P. J. At the April, 1923, term of the Jefferson circuit court, this appellant was indicted for the offense of murder in the first degree; the specific charge being that he unlawfully and with malice aforethought killed Cy Hardy by shooting him with a gun, etc. On the 10th day of October, 1925, he was duly and legally arraigned upon the indictment, and for answer thereto interposed a plea of not guilty. The trial of appellant was had on October 22, 1925, and resulted in a verdict by the jury finding the defendant guilty of manslaughter in the first degree and fixing his punishment at five years' imprisonment in the penitentiary. Judgment was pronounced and entered accordingly, from which the appeal was taken. There is no bill of exceptions. The appeal is upon the record proper, and this record appears regular in all things. The judgment appealed from is affirmed. Affirmed.

---

(106 So. 919)

Bill JETER v. STATE. (4 Div. 68.) (Court of Appeals of Alabama. Nov. 10, 1925.) Appeal from Circuit Court, Coffee County; W. L. Parks, Judge. Second degree murder.

BRICKEN, P. J. It appears from the certificate of appeal in this case that this appellant was tried and convicted for the offense of murder in the second degree on October 29, 1924. On October 31, 1924, he was sentenced to 12 years' imprisonment in the penitentiary. From the judgment of conviction an appeal was taken to this court. The certificate of appeal bears indorsement of having been filed here on November 7, 1924. Nothing has been done to perfect the appeal. No transcript has been sent up, and, the sentence being for more than 10 years, this appellant is necessarily in confinement, and has been for more than a year, waiting the result of his appeal to this court. As stated, no effort has been made to perfect the appeal. It is now submitted on motion to dismiss. The motion is granted. Appeal dismissed.

---

(106 So. 919)

SAMFORD, J. Appeal dismissed.