### MARTIN v. STATE. (4 Div. 291.)

(Supreme Court of Alabama. Dec. 2, 1926.)

Criminal law ⬤⟹1091(10)—Denial of new trial is not reviewable, where reservation of exception thereto does not appear in bill of exceptions.

Where reservation of exception to ruling of trial court, denying motion for new trial, does not appear in bill of exceptions, court's action is not reviewable, notwithstanding that exception to ruling appears elsewhere in record.

Gardner, J., dissenting.

Certiorari to Court of Appeals.

C. O. Martin was convicted of manslaughter in the first degree. A judgment of conviction was reversed by the Court of Appeals, and the State, on the relation of the Attorney General, brings certiorari. Writ granted, judgment of reversal set aside, and cause remanded to Court of Appeals.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

No exception having been reserved to the action of the trial court in overruling motion for new trial, the ruling of the trial court cannot be reviewed on appeal. Code 1923, § 6088; Ex parte Grace, 213 Ala. 550, 105 So. 707; Pacific Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214; Ex parte Thomas, 207 Ala. 662, 93 So. 521; Akin v. Chancy, 207 Ala. 523, 93 So. 408; Stover v. State, 204 Ala. 311, 85 So. 393; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Grand Bay L. Co. v. Simpson, 202 Ala. 606, 81 So. 548.

Frank M. De Graffenried, of Seale, opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. Petition by the state for writ of certiorari to review the ruling of the Court of Appeals reversing a judgment of conviction of manslaughter in the first degree in the case of Martin v. State. The reversal is rested upon the ruling of the court below, denying a motion for new trial, and questions presented by said motion.

Under the well-established rule of this court, such action of the court is not reviewable unless the bill of exceptions discloses that an exception was reserved thereto. Ex parte Grace, 213 Ala. 550, 105 So. 707; Akin v. Chancy Bros. Hdw. Co., 207 Ala. 523, 93 So. 408.

We entertain the view that it sufficiently appears from the opinion of the Court of Appeals that the reservation of an exception to the ruling of the court denying the motion for a new trial does not appear in the bill of exceptions, but only appears elsewhere in the record. This does not meet the requirement of the rule, and the action of the court on said motion is not reviewable.

It results that the writ will be granted, the judgment of reversal set aside, and the cause remanded to the Court of Appeals.

Writ granted. Reversed and remanded.

All the Justices concur, except—

GARDNER, J. (dissenting). The opinion of the Court of Appeals recognizes the rule established by this court, and cites approvingly appropriate authorities. That court construes the record as sufficiently showing in the bill of exceptions a reservation of an exception to the ruling on motion for new trial. The review in this court in such a case is limited to questions of law. To extend the review to a contrary construction of the record in the Court of Appeals would, in my opinion, transcend this limitation.

I therefore respectfully dissent.