(124 So. 669)

DICKERSON v. JEFFERSON LUMBER CO.
(1 Div. 827.)

Court of Appeals of Alabama.   Oct. 29, 1929.

Rehearing Denied Nov. 19, 1929.

Gaillard & Gaillard, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner and C. M. A. Rogers, all of Mobile, for appellee.

BRICKEN, P. J.   There are 10 assignments of error; the first 8 of which cannot be considered being predicated upon the action of the court in overruling plaintiff's motion for a new trial to which ruling no exception is shown by the bill of exceptions to have been reserved. In the absence of exception the court cannot be put in error, and upon rulings of the court on motion for new trial it is essential that such exception must be shown

by the bill of exceptions. Code 1923, § 6088. Powell v. Folmar, 201 Ala. 271, 78 So. 47; Stover v. State, 204 Ala. 311, 85 So. 393; Ala. Fuel & Iron Co. v. Courson, 20 Ala. App. 312, 316, 101 So. 638; Ex parte Grace (Grace v. Old Dominion Garment Co.) 213 Ala. 550, 105 So. 707; Martin v. State, 216 Ala. 160, 113 So. 602.

The remaining two assignments of error (9 and 10) involve the finding or judgment of the trial court upon controverted facts. These rulings will not be disturbed, as the general rule prevails that when the law authorizes the disputed questions to be tried, and they are tried, by the court without a jury, on testimony given viva voce in the presence of the court, as here, such finding will not be reversed unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony. Nooe's Executor v. Garner's Adm'r, 70 Ala. 443, 447.

As this case is here presented, we perforce must and do hold that the judgment rendered be affirmed.

Affirmed.