(124 So. 670)

**GACHET v. STATE.** (4 Div. 523.)

Court of Appeals of Alabama. Nov. 19, 1929.

Guy W. Winn, of Clayton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appellant was charged by indictment, and upon trial was convicted, for the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of ten years. From the judgment of conviction, he appealed to this court.

Count 1 of the indictment, after demurrer thereto, was eliminated upon motion of the solicitor. The trial proceeded under the remaining count, which in effect charged the defendant with having unlawfully and with malice aforethought killed George Washington Robertson, alias, "by beating him, or by striking him, with a leather strap or a leather line, or by choking him, or by some other means unknown to the grand jury, etc." Defendant interposed demurrer to this count of the indictment, but, so far as the record shows no action by the court was taken upon the demurrers. This, however, under the view we take of this case, after a full consideration thereof by the entire court is unimportant.

█ The motion for a new trial is not presented as the law requires, and therefore cannot be considered. Dickerson v. Jefferson Lumber Co. (Ala. App.) 124 So. 669;[1] Powell v. Folmar, 201 Ala. 271, 78 So. 47; Stover v. State, 204 Ala. 311, 85 So. 393; Ala. Fuel & Iron Co. v. Courson, 20 Ala. App. 312, 316, 101 So. 638; Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707; Martin v. State, 216 Ala. 160, 113 So. 602.

At the close of the state's case the defendant offered no testimony, and requested the general affirmative charge in his behalf. This raises the decisive point of decision presented by this appeal.

█ Because of its unusual nature, this case, as stated, has been read and considered by the court sitting en banc. As a result of our deliberations, we are at a loss to understand how the conviction of this appellant (defendant) could have been rested upon the testimony adduced upon the trial in the court below, as shown by this record. In our opinion, the evidence was wholly insufficient to establish a corpus delicti, and there is a

---

[1] Ante, p. 310.

314

total lack of any evidence in this case showing or tending to show that any of the acts complained of in the indictment as having been committed by the defendant were committed by him. The failure of the state to meet the burden resting upon it, as to either, or both, of these questions, entitled the accused to a verdict, which should have been directed by the court. It follows that the court's error in refusing the general affirmative charge to defendant must effect a reversal of the judgment of conviction, from which this appeal was taken. It is so ordered.

Reversed and remanded.

