(132 So. 45)

## NARRELL v. STATE.

8 Div. 898.

Court of Appeals of Alabama.
Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.
Reversed on Mandate Jan. 13, 1931.

See, also, Ex parte Narrell (8 Div. 252), 222 Ala. 13, 132 So. 47.

Street, Bradford & Street, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was tried upon an indictment which charged him with the offense of murder in the first degree. It was alleged therein that he unlawfully and with malice aforethought killed Bert Sweat by shooting him with a pistol. The trial resulted in his conviction for the offense of manslaughter in the first degree, and his punishment was fixed by the jury at imprisonment for ten years. He was accordingly sentenced by the court to imprisonment in the penitentiary; from the judgment of conviction this appeal was taken.

Upon the trial it developed from the evidence without dispute that Bert Sweat, the deceased named in the indictment, was killed by having been shot several times with a pistol, and that this appellant admittedly fired the shots which took the life of the said Sweat.

Appellant relied upon self-defense to justify him, and on this question there was some dispute or conflict in the evidence adduced, presenting, as a consequence, a jury question.

Pending the long trial a great many witnesses were examined, and in this connection numerous exceptions were reserved to the court's rulings, many of which are here insisted upon as error.

By assignment of error No. 1, the appellant contends there was manifest error to his prejudice in the action of the court in overruling his motion for a new trial. Upon investigation we find this point of decision is not presented as the law requires, and we are without authority to review the question involved. Section 6088, Code 1923, provides the rules governing this question. In bringing up for review the ruling of the lower court overruling a motion for a new trial, it is not required that the motion and judgment thereon be set out in the bill of exceptions, but the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, *and exception thereto.* Stover v. State, 204 Ala. 311, 85 So. 393; Martin v. State, 216 Ala. 160, 113 So. 602. In the instant case no mention of the motion for new trial is made in the bill of exceptions.

Appellant insists, in many instances, that error prevailed in the court's rulings in reference to the admission of testimony regarding alleged previous difficulties between appellant, the deceased, and his brother Oliver Sweat. We gather from the record that in the month of May preceding the killing here complained of in October, the above parties on two separate occasions had quarrels which manifested bad feelings, ill will, and probably enmity. There is no evidence of any combat, fight, or difficulty other than by mere belligerent words between the parties. The court properly allowed evidence tending to show the foregoing, but declined to permit appellant to enter into the details thereof. In these rulings the court was correct and the exceptions thus reserved are without merit.

By the evidence allowed the accused received the full benefit of the rule governing this character of testimony, and no prejudicial error appears in this connection.

After a careful, attentive consideration of every ruling of the court upon the admission of evidence, to which exception was reserved, we have reached the conclusion that no error prejudicial to the substantial rights of the accused appears. To the contrary, we are convinced that he was accorded a fair and impartial trial and his every legal right was subserved by the court's rulings in this connection.

Three charges were refused to appellant. These charges were either abstract, or were fairly and substantially covered by the exhaustive and able oral charge of the court which covered practically seventeen pages of this transcript. And in addition to this excellent charge, the court gave at the request of appellant 116 special written charges which cover about 30 pages of the record. The law governing the trial of this case was thus properly given to the jury.

We discover no reversible error in any ruling of the court. The record is also regular and without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Narrell v. State (8 Div. 250), 222 Ala. 145, 132 So. 47.