## HARROWAY v. STATE. (8 Div. 953.)

(Court of Appeals of Alabama. June 30, 1922. Rehearing Denied Oct. 31, 1922.)

1. **Criminal law ⬤═586—Application for continuance addressed to discretion of court.**

The granting or refusing of an application for a continuance is a matter of discretion for the trial court.

2. **Criminal law ⬤═1151—Ruling on application for continuance not disturbed in absence of gross abuse of discretion.**

Unless it clearly appears that the court has committed a gross abuse of discretion, its ruling on application for continuance will not be disturbed on appeal.

3. **Criminal law ⬤═598(6)—Denial of application for continuance for absence of witness held not abuse of discretion.**

Where a witness was subpœnaed by the state and the defendant did not apply for a subpœna until the witness failed to appear at the time of the trial because he was sick and could not attend court, and the summons for the witness was not served because it was made known to the court that the witness was sick and could not attend, denial of defendant's application for continuance on the ground of the absence of such witness *held* not abuse of discretion; the defendant having failed to manifest due diligence in summoning witness, and it being apparent that his request for a summons for the witness on discovery that witness was sick and could not attend court was merely a subterfuge on the part of the defendant.

4. **Intoxicating liquors ⬤═238(1)—Question whether defendant was guilty of making whisky held for jury.**

In prosecution for making whisky in violation of the Prohibition Law (Laws 1919, p. 6) evidence *held* sufficient for submission of case to jury.

5. **Criminal law ⬤═413(2)—Self-serving declarations not admissible to explain defendant's flight.**

Defendant's testimony as to his conversation with a certain person prior to discovery of commission of crime and before defendant's flight *held* not admissible to explain flight, being self-serving declarations.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Wallace Harroway was convicted of a violation of the prohibition law, and he appeals. Affirmed.

Sample & Kilpatrick, of Hartsells, for appellant.

Defendant was entitled to a discontinuance on account of the absence of a witness, when it was shown that the witness was within the jurisdiction of the court and that his absence was not the fault of defendant. 9 Ala. App. 36, 63 South. 745; 117 Ala. 85, 23 South. 670. Defendant had the right to prove any act or circumstance to show that his flight was not because of a consciousness of guilt. 183 Ala. 66, 63 South. 8. It was error to refuse the affirmative charge at defendant's request. 183 Ala. 66, 63 South. 8.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The defendant was indicted, tried, and convicted of the offense of making whisky. He appeals from the judgment of conviction, and here insists upon three separate propositions to effect a reversal of the judgment.

[1-3] The first insistence is that the court erred in not granting him a continuance on account of the absence of one J. C. Huckaby, who was at home sick and was unable to attend court. The granting or refusing of an application for a continuance is a matter of discretion of the trial court, and, unless it clearly appears that a gross abuse of such discretion has been indulged, the ruling of the court thereon will not be disturbed. In the instant case no such abuse of discretion appears. To the contrary, the record shows that the witness Huckaby was summoned as a witness for the state, and when the case was first called on December 8th, it was discovered that said Huckaby was sick and not present in court, but the state found that it would be ready for trial without this witness; that thereupon the defendant, for the first time, asked for a summons for the witness Huckaby; this summons was not served for the reason that it had been made known to the court that Huckaby was sick and could not attend court. All this shows that there was no abuse of the discretion vested in the court in matters of this sort, for it clearly appears that the defendant failed to manifest due diligence in summoning said witness; and, too, it may be said that it more clearly appears his failure to ask for a summons for this witness until it was shown that he was sick and could not attend court was merely a subterfuge upon the part of the defendant, and this very properly failed to meet the approbation of the trial court.

[4] The next insistence of error is the refusal of the court to give the general affirmative charge requested by defendant in writing. This insistence is equally without merit. The evidence was in conflict, and the court properly submitted the guilt or innocence of the defendant to the jury. There was ample evidence upon which to base the verdict rendered.

[5] The third and last insistence of error is based upon several rulings of the court upon the testimony relating to the alleged flight of defendant. The defendant without objection was permitted to explain his alleged flight, and testified in this connection that

his father-in-law from Mississippi was here; that he met him at his cousin Jack Whitfield's, and that he went home with him to Mississippi, where he got a job, and then sent after his people; that he stayed out there a year, and that he did not even know that the officers were after him when he left; and that he returned to Alabama of his own accord. He thus had the benefit of the rule which permits an accused to explain his alleged flight, and the several attempts to prove his self-serving declarations and conduct were not permissible, and the court properly so held. The case of Goforth v. State, 183 Ala. 66, 63 South. 8, cited by appellant, is not applicable here.

The record appears free from error, and, as the entire trial proceeded without any erroneous ruling of the court which could prejudice the substantial rights of the defendant, the judgment of the circuit court appealed from is affirmed.

Affirmed.

## On Rehearing.

The earnest appeal, on application for rehearing, by able counsel for this appellant, induces us to give further expression of our views in connection with the opinion rendered.

On the question of the affirmative charge we based our opinion that there was sufficient evidence offered by the state upon which to sustain the verdict rendered upon the following facts, which are practically without dispute as shown by the record: The record shows that the officers of the law searched the dwelling house of defendant, and found therein a complete copper still, with worm, connecting pipes, and furnace, and the still was on the furnace. The still had been running, and was warm when the officers destroyed it. It was in a room adjoining his kitchen, and in the room also were three or four barrels of malt or beer. In addition to all this the officers found nearly a half gallon of the manufactured product, whisky, under the bed in one of the rooms in the defendant's dwelling house. At the time of the search of defendant's home by the officers his (defendant's) wife was there, she had been washing, and was then taking the clothes off of the line. While it is true the defendant was not at his home at the time of the search, there was evidence that one of the officers had seen the defendant in Decatur just after dinner of the evening the still and whisky was found in his home, that at that time he was driving a horse and buggy, which was described by witness, and that after the raid was made the same horse and buggy was tied to a fence on the road leading from the Trinity road up to defendant's house, but the defendant himself was not seen at that time, and there was no one with the horse and buggy then. There was no dispute as to time or venue, and we still maintain and hold that these incriminating facts were sufficient to authorize and require the court to submit the case to the jury for its determination. It is true the defendant denied all knowledge of the existence of the still, but his testimony was silent as to the whisky found under the bed in one of his rooms. He testified that he had left the place three weeks prior to the raid, and knew nothing whatever about the still, that the room in which the still was found had been built by another, one Goode, after he had left the place, and that during the period mentioned he had stayed in Decatur with Will Johnson and Ed Mason, and had not returned to his home. Of course if all this is true his conviction should not have followed, but as to whether it was true or not was a matter of fact for the determination of the jury, and not one of law for the court to decide, as insisted upon by counsel for appellant.

As to the ruling of the court upon the admission of testimony touching the alleged flight of the defendant, we do not understand that any evidence offered in explanation thereof was disallowed. The testimony attempted to be introduced by defendant, and which was not permitted by the court's rulings, related to alleged transactions between one Goode and the defendant, and as to what was said and done between these parties relative to an alleged indebtedness due defendant by Goode, and as to some trouble between these parties. These facts sought to be thus proven may have had the tendency to explain why defendant had left Goode's place, if he did so leave, but could shed no light or have any bearing upon the alleged flight of the defendant from this state to a distant state, as the evidence is without conflict that the proposed testimony related to transactions between Goode and defendant prior to the time of the raid and the alleged flight of defendant, and no sufficient connection between the two was shown which would have authorized the introduction of the proposed testimony even under the broad rule of evidence relating to flight announced by the Supreme Court in Goforth's Case, supra. Moreover, it might be said that the evidence not allowed by the court came within the terms of that portion of the Goforth Case, supra, where it is said:

"Of course a defendant, in such a case, cannot get before a court or jury his declaration that he is not guilty of the crime, or any other mere self-serving declaration tending to show that he had no connection with the commission of the corpus delicti, but he may show, as evidence tending to rebut the idea that his absence was in fact a 'fleeing from justice,' such acts and declarations of his *while* absent which may tend to show that his absence from the community was due to an entirely different cause."

The alleged flight of this defendant as insisted upon by the prosecution was when

he left this state for another state, and there was no pretense or contention that at the time of the alleged occurrences between Goode and the defendant, the testimony concerning which the court would not allow, he had fled or was a fugitive. To the contrary, it was shown by the state's testimony that on the day of the raid the defendant was actually seen in Decatur, Morgan county, by the deputy sheriff, and by his own testimony and that of his witnesses that at that time he had never left the community, and there was some evidence from which it could have been inferred that he was in near proximity of his home at the time of the raid, although not at that time actually seen. The horse and buggy, unattended, was near by, and it would not be a violent inference that he was also, for the reason that only a short period of time prior thereto he was driving this same horse and buggy in Decatur, when the officers started on their way to make the raid upon his home. The rule in Goforth's Case provides:

"When a crime has been committed, and the state offers evidence tending to show that the defendant *absented* himself from the community in which the crime was committed, the *value* of this *fact of flight* depends entirely upon the *purpose* of the defendant in thus absenting himself from the community. The question as to *why* the defendant *left* the community and remained away from it becomes a question for the jury, and so, when the *state* offers the *fact* of the defendant's flight from the community in evidence, the law allows *both* the *state* and the *defendant* to show all those things which the defendant said and did *when he left*, and *while away* from the community, which tend to explain the *quo animo* of the *flight*, whether the absence of the defendant was due to his *sense of guilt*, or his desire to *avoid*, or *through fear of*, arrest, or on the other hand, whether his absence was due to other causes."

We are of the opinion that the case was one for the jury, and that no ruling of the court affected the substantial rights of the defendant.

Application overruled.