(108 So. 641)

## HOLLADAY v. STATE. (6 Div. 635.)

(Court of Appeals of Alabama. Jan. 19, 1926. Rehearing Denied May 25, 1926.)

**1. Criminal law ⏾589(5).**

Refusal of continuance because party assaulted was member of jury panel for week of trial therefor *held* not abuse of discretion, in absence of showing of prejudice by trial before such jury.

**2. Criminal law ⏾589(5), 1151—Continuance because party assaulted was member of jury panel for week of trial therefor held within court's sound discretion, not revisable in absence of abuse.**

Continuance because party assaulted by defendant was member of jury panel for week of trial therefor was within court's sound discretion, not to be revised on appeal in absence of abuse.

**3. Criminal law ⏾363—Testimony as to difficulty and occurrences at time and place of shooting, held relevant as part of res gestæ.**

In trial for assault with intent to murder, testimony as to difficulty and occurrences at time and place of shooting, including drawing of pistol by defendant from place of concealment, direction in which it was pointed when fired and number of shots fired was relevant as part of res gestæ.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Will Holladay was convicted of assault with intent to murder, and he appeals. Affirmed.

Gray & Powell, of Jasper, for appellant.

Brief of counsel on original hearing did not reach the reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The discretion of the court was not abused in denying a continuance. Riley v. State, 209 Ala. 505, 96 So. 599; Stover v. State, 204 Ala. 311, 85 So. 393; Walker v. State, 17 Ala. App. 3, 81 So. 179. When taken with the whole of the charge excerpts from the oral charge of the court are without error. Williams v. State, 83 Ala. 68, 3 So. 743; Johnson v. State, 81 Ala. 54, 1 So. 573; Cowart v. State, 201 Ala. 525, 78 So. 879.

SAMFORD, J. [1, 2] The party assaulted was a qualified member of the panel of jurors serving for the week of the court during which this defendant was tried. The point is made in various ways that the defendant's case should not be tried before the jurors impaneled with the prosecutor. All motions of defendant based upon that fact were overruled. There is nothing to show that defendant's case was prejudiced by being tried before a jury selected from the jurors serving for the week. The matter of a continuance was within the sound discretion of the court, not to be revised on appeal except in cases of abuse. Riley v. State, 209 Ala. 505, 96 So. 599.

The excerpts from the court's general charge to which exceptions were taken when considered with the entire charge are without error.

[3] All of that testimony as to what took place at the time and place of the shooting

and relating to the difficulty was relevant as being a part of the res gestæ. This applies to the drawing of the pistol by defendant from a place of concealment, the number of shots fired, and the direction in which the pistol was pointed when fired.

The defendant appears to have had a fair trial, free from errors, and the judgment is affirmed.

Affirmed.