157 So. 455

## McLEMORE v. STATE.

### 8 Div. 924.

Court of Appeals of Alabama.
June 27, 1934.

Rehearing Denied Oct. 2, 1934.

Fred S. Parnell, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The indictment is in three counts, the first charging embezzlement under section 3964 of the Code of 1923. This count is in the form laid down in the Code and is not subject to any ground of demurrer interposed. Code 1923, § 4556, form 49.

Count 2 charges an offense under section 3412 of the Code of 1923. This count follows the statute and is not subject to any demurrer filed. Code 1923, § 4529.

Count 3 charges the larceny of $5,500 and is sufficient.

Being kindred offenses growing out of the same transaction, there is no misjoinder.

Motion was made by defendant for a continuance on the principal ground that one Pate, another employee of the bank, had been tried and convicted at the same term of the court for embezzling $5,500 of the bank's money, at or about the same time that this defendant is charged with embezzling a different but a like amount, and that the jurors in attendance had heard the evidence in the Pate case. Unless it clearly appears that the court committed a gross abuse of discretion, its rulings on application for a continuance will not be disturbed on appeal. In this case it appears that there was not only no abuse of discretion; on the contrary, the trial court was careful to give to defendant everything to which he was entitled. Harroway v. State, 18 Ala. App. 665, 94 So. 183; Holladay v. State, 21 Ala. App. 405, 108 So. 641.

The evidence without conflict, and indeed by the admission of the defendant, was that the defendant was a clerk or employee of East Lauderdale Banking Company; that while such employee he took from the funds of the bank and appropriated to his own use $5,500 of the bank's money, placing at the same time in the note file of the bank, and entering the same on its books, a note signed by himself and Edward Pate and approved by three of the ten Directors of the bank; that J. M. Pate was cashier and manager of the bank's affairs and was the one authorized to make loans for the bank, with the approval of the loan committee, which was constituted of any three of the directors acting jointly as such. Defendant was employed as a bookkeeper and kept the ledger and was not generally authorized to make loans for the bank, although it appears that at different times he did make four loans of small amounts, from $10 to $100. It also appears that when he took the $5,500, he said nothing to Pate, the cashier, and Pate knew nothing about the transaction until he found the note in the note box, March 14th; the money having been taken February 8th. The venue and time having been proven, the above facts make out a clear case for the state under count 2 of the indictment. Under that count the question of a fraudulent intent doesn't enter into the consideration. The statute was enacted to protect banks from just such peculations as is here apparent.

Nor would the fact that the loan appeared to be approved by three of the board of directors relieve the defendant of the criminal act. The statute (Code 1923, § 3412) forbids this defendant from making a loan from his employer's bank "without first executing his note * * * bearing the written consent thereto of the board of directors," etc. This does not mean three of ten; it means the board, which in this case was ten. Any money taken from a bank, by a president, cashier, teller, clerk, officer, or employee of such institution in violation of section 3412, is guilty of the offense there condemned. His good intention regarding the taking has nothing to do with it.

There was evidence in addition to the foregoing tending to prove the fraudulent intent and a felonious taking. The general charge as to each count as requested by defendant was properly refused.

It is contended that the note as executed by defendant and approved by Joe Goode, S. B. Nugent, and A. G. Lawson, who were directors of the bank, rebuts any evidence of fraud and was a compliance with section 3412 of the Code, supra, by reason of the fact that the board of directors had by resolution provided that any three members of the board of directors be authorized to act as a finance committee and that this resolution was in full force and effect when this defendant took the money from the bank. That resolution can have no effect in this

case so far as the charge in the second count is concerned. The board of directors cannot by resolution overturn the statute. The finance committee provided in the resolution may have, and doubtless did have, its functions in making ordinary loans for the bank to its clients; but it cannot take the place of the directors in making loans to officers and employees.

So far as counts 1 and 3, charging embezzlement and larceny, are concerned, the facts to justify a conviction were either admitted or there was evidence tending to prove the material allegations. The question of the fraudulent intent was for the jury and the court so held.

The ledger sheets of the bank showing the entries regarding the $5,500 taken by defendant were introduced in evidence and admitted by defendant to be correct. This being so, other testimony, by another witness who did not make the entries, could not possibly injure defendant's cause.

We have examined other exceptions and find in them no prejudicial error.

Let the judgment be affirmed.

Affirmed.