39 So.2d 298

**MATHIS v. STATE.**

6 Div. 778.

Court of Appeals of Alabama.

March 8, 1949.

R. G. Redden and Young & Young, all of Vernon, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of living in a state of adultery or fornication. The prosecution originated in the county court, and upon trial in said court the defendant was convicted as charged. An appeal was taken and perfected to the circuit court, where she was tried upon a complaint filed by the Solicitor, as the law requires. In said complaint she was charged jointly with one Arthur Wilson. There was a separate trial, which resulted in the conviction of this appellant and judgment of conviction was duly pronounced and entered, from which this appeal was taken. This therefore is a companion case to the case of Wilson v. State, Ala.App., 39 So. 250,[1] who also appealed to this court and was here affirmed on December 14, 1948. Certiorari denied 251 Ala. 676, 39 So.2d 254.

Of necessity, the evidence in this case, and that in case of the codefendant Wilson,

1. Ante, p. 212.

1. Ante, p. 212.

was of the same import. In the case at bar, however, in addition to the acts of intimacy between the parties as disclosed by the evidence in the case, there was introducd in evidence after a full and proper predicate a complete confession by this appellant which was taken down in writing and is as follows:

"The State of Alabama
"Lamar County

"My name is Era Mae Mathis, I live in Lamar County at present and have been living here the last time for about three months. I have lived in this county at different times. I am 41 years old and have eight children. I have been told that I am charged with the offense of adultery and have been told by C. H. Strawbridge, E. R. Merchant and Dallas Reeves that I do not have to make a statcment unless I want to. I told them that I did not mind telling the truth about the matter.

"I know Arthur Wilson and have known him since I have been back in Lamar County. I have been out with him some since I have known him. At different times we have had sexual intercourse and I could say at least 6 or 8 times. These took place in the car and out by the car where we parked. A few weeks ago Arthur Wilson got a room here at the hotel for me and went there with me about daylight and he was in and out of the room but did not stay very long. A few weeks ago Arthur Wilson and myself went over to Columbus, Miss. and got a room at the Gilmer Hotel and went out danced awhile and later went back to the room and stayed there together the rest of the night and we had Sexual Intercourse there that night. We stayed there until that afternoon and had a few beers and went home. Most of the times we had sexual intercourse, that is Arthur Wilson and myself, was in Lamar County, Alabama. Arthur Wilson spent one night at my house and this was the only time he ever stayed at my house. The best I remember and as far as I know I was not drunk. We got the room after we had danced.

"I want to say further under the same condition that yesterday, July 27th. 1947 that Etta Mae Thompson came to my house to get me and said that she told Arthur Wilson that if he would stay away from up there that she would come and get me for him. I went to her house with her and stayed there until in the afternoon. I did not go to the beer joint with Etta Mae yesterday, but she went. Etta Mae Thompson brought back several bottles of beer and I do not know just how many. I drank some of it and I know it was beer. In the afternoon we got in Arthur Wilson's car and went to the Ranch House and there we had beer and danced until after dark and we went back to Etta Mae Thompson's and spend the night. That is, I did. I want to add that the night Arthur spent the night at my house he was stuck in the mud.

"Era Mae Mathis

"Sworn to and subscribed before me this July 28th, 1947.

"J. A. Hankins
"Justice of the Peace."

Before entering upon the trial of the case, the defendant moved for a continuance on the grounds that the jury selected to try this case were present in the court room during the trial of Arthur Wilson, the co-defendant. The court overruled the motion and declined to grant a continuance. This was within the sound discretion of the trial court, as has been often declared, and such action of the court is sustained, as nothing appears to indicate that this inherent discretion was abused in any manner. Chiles v. State, 26 Ala.App. 358, 159 So. 700; Stover v. State, 204 Ala. 311, 85 So. 393; Holladay v. State, 21 Ala.App. 405, 108 So. 641.

The remaining points of decision relied upon to effect a reversal of the judgment of conviction in this case, have each been decided adversely to the defendant's insistences in the Wilson case, supra, by the Supreme Court, we therefore, perforce hold that no error prevailed in this connection.

No error appearing, the judgment of conviction in this case must be affirmed.

Affirmed.