56 So.2d 390

**DORSEY v. STATE.**

**5 Div. 352.**

Court of Appeals of Alabama.
Jan. 15, 1952.

H. N. Segrest, Tuskegee, for appellant.

Si Garrett, Atty.Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

**PRICE, Judge.**

The indictment contained two counts. Count one charged the defendant with larceny of a cow. Count two charged him with the offense of receiving, etc., stolen property. The jury returned a verdict of guilty as to count two. The court sentenced the defendant to the penitentiary for a year and a day.

The State's evidence was to the effect that a heavy red cow, with horns, belonging to Boise Dent was missing the latter part of November, 1950. The evidence is undisputed that defendant sold the cow to J. B. Key around November 30th. The cow was placed in a pasture on Key's place. She died a month later. Mr. Ellison, Dent's landlord, took a part of the head to Dent, who identified it as that of his missing cow. There was testimony that when the head was removed the body of the cow was partially decomposed and had been marked with Key's brand.

After proper predicate, the Sheriff and Mr. Ellison testified to statements by appellant that he got the cow from Leila Homes and sold it to Mr. Key for $130.00, keeping $90.00 and giving Leila Homes the remainder.

The defendant denied stealing the cow. He stated he bought her from Leila Homes. Leila had borrowed money from him on several occasions, giving him a note on the cow, and when she was unable to pay him she brought the cow. He kept the cow a couple of days and sold her to Mr. Key. He admitted the cow was brought to his home at night, after he had gone to bed.

Defendant objected to going to trial on account of the absence of a witness, S. B. Sims, and because the members of the jury selected to try the case were in the court room during the trial of Leila Homes on a charge of larceny of the cow involved in this case.

The court, in declining to grant a continuance, stated that during the trial of Leila Homes, at defendant's request, all jurors not engaged in that trial were excluded from the court room.

The granting or refusal of the application for continuance rested in the sound discretion of the trial court on account of the absence of the witness. Stephenson v. State, 28 Ala.App. 418, 185 So. 910; Lawler v. State, 31 Ala.App. 458, 18 So.2d 469; Pugh v. State, 247 Ala. 535, 25 So.2d 417, and because of the presence of the jury during the trial of a case involving the same evidence. Stover v. State, 204 Ala. 311, 85 So. 393; Mathis v. State, 34 Ala.App. 309, 39 So.2d 298; Bridges v. State, 225 Ala. 81, 142 So. 56. No abuse of such discretion is apparent from the record. Furthermore, the motion was later withdrawn by defendant.

Clearly, under the evidence, the defendant was not entitled to the general affirmative charge.

There being no error in the record, the judgment of the lower court is affirmed.

Affirmed.