LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of murder in the first degree and sentenced to life imprisonment.
The evidence is substantially the same as that narrated in Robinson v. State, Ala.App., 335 So.2d 420, cert. denied, Ala., 335 So.2d 426 (1976) and, after a reversal and another trial and another appeal in ■ the same case, in Robinson v. State, 342 So.2d 1331, (Ala.Cr.App.1977). Appellant herein is referred to by name in the opinion in the first case of Robinson as one who had joined with others, including their leader, Arthur X. Lewis, to go downtown in Montgomery, loaded with “guns, shells and other explosives, looking for trouble.” Upon arri *524 ving at Dexter Avenue, they immediately made trouble. Arthur Lewis there cut a 78 year old man with a sharp blade of a ma-chette. Thereupon appellant, Lewis and Robinson ran across the street toward their automobile. Police Officer Manferd E. Furr was summoned to the scene, where he was shot at close range by Arthur X. and killed. Then Arthur X., Robinson and appellant took off in the parked automobile, but were intercepted by a police car. The three then fled on foot and went to a radio station bearing their arms. During the flight of the three black men, gunfire was exchanged between them and the police. In the radio station they attempted to rally support for their cause, but when the attempt failed, they surrendered to the police. It follows necessarily, without any need for elaboration, that we should hold, as we did in Robinson, that “sufficient evidence was adduced from which the jury drew a reasonable inference that he [this appellant as well as Robinson] was an accomplice and equally guilty as a principal with the one who fired the fatal shot” that killed Officer Furr, with whose murder appellant was charged in this case. The trial court was correct in overruling defendant’s motion to exclude the testimony.
Defendant filed a motion for a change of venue, which was overruled. We find nothing in the record that even tends to support the motion, other than the bald conclusion, expressed in the motion itself, to the effect that the slaying of Officer Furr had received widespread publicity and created intense excitement and resentment, hatred and prejudice on the part of a large part of the residents of Montgomery County. There is nothing to indicate that any of the publicity was false or misleading to any extent. There is nothing to indicate that defendant could not have obtained a fair and unprejudiced jury in Montgomery County. The trial court was acting well within its discretion in overruling defendant’s motion for a change of venue.
Defendant also moved for a continuance of the case and based his motion on the same grounds as his motion for a change of venue and the additional ground that there had been a recess of court the day before on account of a funeral of a police officer. No evidence was presented on the motion. It apparently was assumed by counsel for both sides that the trial judge was fully aware of circumstances relative to the recess of the court the previous day for the funeral of the police officer who, according to the statement of counsel for defendant, was killed in line of duty. However, it seems clear that there was no other relation whatever between the death of that officer and the case for which appellant was tried. Five months had elapsed since the commission of the crime charged in this case. The statement was made by counsel for defendant that police officers at court the day of the officer’s funeral were wearing mourning shields, but there is no indication in the record, other than in argument of counsel, that any of the venire summoned for the week were impressed thereby or were aware of the cause of the death of the officer for whom the funeral was conducted. Appellant agrees that in accordance with Dorsey v. State, 36 Ala.App. 376, 56 So.2d 390 (1952) and McCleskey v. State, 28 Ala.App. 97, 179 So. 394 (1938), the granting or refusal of a motion for continuance rests in the sound discretion of the trial court. There was no abuse of that discretion.
As shown by the evidence in instant case and in the opinions in Robinson, supra, after appellant, Arthur X. Lewis and Robinson fled to the radio station, they took charge of the station, Station WAPX, commandeered its agents and its broadcasting equipment, under the leadership of Arthur X. Lewis, and broadcast appeals by Robinson for blacks within hearing thereof to join them in their revolution. Mr. John Rutherford, a State’s witness, who ran a radio-television sales and service business, testified that he had his radio on that morning tuned in on Station WAPX, that upon hearing the unusual type of broadcast emanating therefrom, he made a tape of the broadcast on a cassette tape recorder. The tape was admitted in evidence over the- objection of *525 defendant. Appellant now argues that as Mr. Rutherford did not identify the individuals who were conducting the broadcast and that there was some evidence to the effect that the tape did not show all of the material that was broadcast, it was error for the court to admit it in evidence. Appellant argues that it does not meet the test required of a magnetic tape recording as set forth in Fikes v. State, 263 Ala. 89, 98, 81 So.2d 303, 311, rev’d on other grounds, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246, that, “a magnetic tape recording may be used as evidence when it is of matters otherwise legal, and provided the proper safeguards are shown to have been used so as to protect the recording against error” or spoliation and the speakers as recorded “[are] properly identified and adequate safeguards taken to insure authenticity.” We think the tape meets that test. Defendant’s counsel, at his request, was given an opportunity to audition the tape, which he exercised, and made no suggestion whatever of any error prejudicial to defendant in the tape or any “spoliation” of the tape. Although the speakers were not identified by Mr. Rutherford, they were identified, principally Robinson, by Alfonso Dixon, an employee of Station WAPX, who testified as a witness for the State that Lewis and Robinson, whom he positively identified, and a third man used the facilities of the radio station and at the direction of Lewis, Robinson made most of the broadcasts. Although he did not positively identify appellant as the third member of the group, other witnesses positively identified defendant as one of the three who entered the station and one of the three who came out of it. The tape was properly admitted in evidence.
We have considered all the assertions of error made by appellant and have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945. The judgment of the court below is hereby
AFFIRMED.
All the Judges concur.