BOWEN, Presiding Judge[1].
George D. Cameron pleaded guilty to an indictment charging the capital offense of murder-robbery in exchange for a sentence of life without parole. On this appeal from that conviction, Cameron argues that the trial judge committed reversible error in denying his motion for new trial.
Cameron requested a new trial alleging that (1) he was under the influence of medication when he pleaded guilty, (2) he was coerced into pleading guilty by appointed counsel, and (3) he did not understand the consequences of pleading guilty due to the combined influence of the medication and the ineffective assistance of counsel.
The trial judge entered a written order denying the motion for new trial:
“Defendant has filed a motion for new trial. A hearing was held at which defendant was present with his counsel, Hon. Robert Lane. Defendant gives three grounds for his motion: (1) his plea of guilty was entered while he was under the influence of prescribed drugs, (2) he did not understand the nature of his guilty plea, and (3) his trial attorney, Hon. James McKoon, coerced him into pleading guilty. The Court heard testimony in open court. The undersigned judge was the trial judge. The following findings of fact are made:
“a. Defendant understood the nature of his plea of guilty. Defendant understood the Ireland form executed by him. He also understood the plea recommendation form.
“b. Defendant exhibited no signs of being under the influence of drugs during his plea of guilty.
“c. At the time of pleading guilty, defendant was lucid, coherent and in possession of his faculties.
“d. Defendant was not under the influence of drugs when he pled guilty.
“e. Defendant knowingly, voluntarily, intelligently, and willingly gave up his rights in a jury trial and pled guilty to the offense of murder during a robbery in the first degree with a recommended sentence of life imprisonment without parole.
“f. Defendant’s trial attorney, James McKoon, did not induce, force or coerce defendant into pleading guilty.
“g. James McKoon represented defendant in a competent manner.
“h. Mr. McKoon did not suggest or tell defendant what to say when defendant answered questions during the guilty plea colloquy about his involvement in the crime charged.
“i. Defendant was not a credible witness while testifying in the hearing on his motion for new trial.
“j. Mr. McKoon made a recommendation to defendant about accepting the plea offer. Defendant voluntarily and on his own decided to plead guilty and pled guilty.
“It is ORDERED and ADJUDGED that defendant’s motion for new trial is denied.”
“The court’s ruling on granting or denying a new trial is not to be disturbed save for gross abuse.” Nickerson v. State, 283 Ala. 387, 390, 217 So.2d 536 (1969). There is a “presumption' favoring the correctness of the trial court’s ruling on such motion.” *306 Brooks v. State, 248 Ala. 628, 631, 29 So.2d 4 (1947).
The trial judge was present at all the proceedings and observed the witnesses testify. He found that the appellant “was not a credible witness.” That finding is binding on the court which “can neither pass judgment on the possible truthfulness or falsity of testimony, ... nor on the credibility of witnesses.” Collins v. State, 412 So.2d 845, 846 (Ala.Cr.App.1982) (citations omitted). “When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge.” Ballard v. State, 236 Ala. 541, 542, 184 So. 260 (1938).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. This case was submitted and assigned to a judge on this Court in December of 1986. It was reassigned to Judge Bowen in March of 1987.